179 So.2d 656 (1965)
Emerlyon Ada Alex SCOTT, Plaintiff-Appellee,
v.
John SCOTT, Jr., Defendant-Appellant.
No. 10452.
Court of Appeal of Louisiana, Second Circuit.
October 28, 1965.
Louis Lyons, Bossier City, for appellant.
Love, Rigby & Donovan, Shreveport, for appellee.
Before GLADNEY, AYRES, and BOLIN, JJ.
AYRES, Judge.
In this action for partition by licitation of the assets of the community formerly existing between plaintiff and defendant, and for a settlement and liquidation of the estate, defendant urged an opposition to the inventory taken in connection therewith as not being complete. The basis of the objection was that an annuity, pension, or retirement provided for plaintiff under the State Teachers' Retirement System, LSA-R.S. 17:571 et seq., of which she was the beneficiary, was not inventoried as a community asset. For reasons orally assigned, the nature of which we were not informed, defendant's opposition was overruled and the annuity ordered to be excluded from the inventory. From a judgment in accordance with this ruling, defendant appealed.
From the facts stipulated by the parties, it was established that plaintiff is, and has been for many years, employed as a teacher by the Caddo Parish School Board, and that, while so employed and during the regime of the community of acquets and gains formerly existing between her and the defendant, there was deducted from her salary and paid into the retirement system the sum of $4,520.23.
Under the aforesaid statute, by virtue of her employment as a teacher, plaintiff became a member of the retirement system. In brief filed in this court, appellant virtually concedes that the annuity, pension, or retirement benefit to which plaintiff is entitled under the statute, by virtue of her *657 membership in the retirement system, is her separate and paraphernal property. This position, we think, is correct. Membership in the system is limited to those defined as "teachers" by the provisions of the statute LSA-R.S. 17:571(23).
Moreover, the right of a member to a pension, an annuity, or a retirement allowance, or to the return of contributions made by the member to the system, as well as the pension, annuity, or retirement allowance itself, or any right or benefit accrued or to thereafter accrue are exempt from levy and sale and from all other judicial processes whatsoever, and are unassignable except as specifically provided in the statute LSA-R.S. 17:573.
The exception to the nonassignability of claims and benefits, as just noted, has reference to the payment of benefits to an eligible, surviving spouse of a member (LSA-R.S. 17:631.1), or to a member's legal representative, or to a person designated by a member to receive the benefits after the member's death (LSA-R.S. 17:641).
The statutory provisions with respect to the nonassignability of a pension, annuity, or retirement benefit confer upon a member of the teachers' retirement system a vested and irrevocable right to such pension, annuity, or benefit. Such are comparable to the rights of a beneficiary under a life insurance policy where no right is reserved to the insured to change the beneficiary. Under such policy provisions, this court, in Farmer v. Prudential Ins. Co. of America, 167 So. 234, 236-237 (writs denied), held:
"The policy expressly provides that the beneficiary cannot be changed. The children of the insured were made irrevocable beneficiaries, and under the law of Louisiana, at the very moment of the issuance of the policies, they acquired an irrevocable, vested right and became the owners of the policies and the valuable interest under the policies created by the payment of premiums for their benefit became the property of the beneficiaries as the same was made, and could not be disposed of by the insured. Pilcher v. New York Life Insurance Co., 33 La.Ann. 322; Putnam v. New York Life Insurance Company, 42 La.Ann. 739, 7 So. 602; Lambert v. Penn Mutual Life Insurance Company, 50 La. Ann. 1027, 24 So. 16; Bingham v. United States of America, 296 U.S. 211, 56 S.Ct. 180, 80 L.Ed. 160; Fourth National Bank of Montgomery v. Wool folk, 220 Ala. 344, 125 So. 217."
That matter was the subject for a discussion in an article entitled "Federal Estate and Gift Taxation of Louisiana Life Insurance," by Edward B. Benjamin, Jr., and Paul O. H. Pigman, Esqs., members of the Louisiana Bar, published in 28 T.L.R. 243, 257-259, wherein these observations were made:
"Under the Louisiana jurisprudence the insured's possession, vel non, of the right to change the policy beneficiary determines whether the insured possesses any other policy-rights.
"(1) Irrevocable-beneficiary policies held by the insured. The insured's irrevocable designation of a beneficiary is held to vest the policy-rights, as well as the proceeds-rights, in the beneficiary. Thus the insured husband's pledge, assignment or surrender of his irrevocable-beneficiary policy without the consent of the beneficiary is void. Furthermore, the proceeds from the pledge, assignment or surrender of an insured husband's irrevocable-beneficiary policyand, in fact, the policy itselfare considered to be the wifebeneficiary's separate property or the third-beneficiary's individual property. Therefore the insured husband possesses no policy-rights in the irrevocablebeneficiary policy. The few reported Louisiana cases dealing with an insured wife's irrevocable-beneficiary policies *658 indicate that such policies are subject to the same general rules as like policies of an insured husband."
In giving consideration to the obvious legislative intent and purpose in enacting the statute creating and governing the teachers' retirement system, to which we have already referred, the conclusion is, to us, inescapable that the pension, annuity, or retirement benefit conferred upon plaintiff was her separate and paraphernal property, and that, therefore, its exclusion from the inventory as a community asset was proper.
Appellant nevertheless contends that the expenditure of community funds for the benefit of plaintiff's separate estate creates an obligation on the part of plaintiff to reimburse the community for the sums so expended. Howsoever meritorious this contention may appear to be, this is a matter not now properly before us. The proper time, it would appear, to urge such a claim is in the final liquidation and settlement of the estate, when balancing and offsetting accounts of the parties, one against the other, may determine who of the parties, if either, is indebted unto the other.
It appears appropriate to observe, however, that the principal demands, that is, the demands for a partition of the community estate and the liquidation and settlement of its obligations, have not been tried. In order that no confusion may result, we deem it expedient to specifically remand this cause for that purpose.
Accordingly, the judgment appealed is affirmed at defendant-appellant's cost; and
It is further ordered that this cause be, and it is hereby, remanded to the Honorable, the First Judicial District Court in and for Caddo Parish, Louisiana, for further proceedings consistent with the views herein expressed and in accordance with law.
Affirmed and remanded.