253 So.2d 120 (1971)
Alice Faye Bumbard LAFFITTE, Plaintiff-Appellant,
v.
James LAFFITTE, Defendant-Appellee.
No. 11654.
Court of Appeal of Louisiana, Second Circuit.
September 8, 1971.
*121 Love, Rigby, Donovan, Dehan & Love, by R. J. Donovan, Jr., Shreveport, for plaintiff-appellant.
W. Charles Brown, Mansfield, for defendant-appellee.
Before AYRES, HEARD and HALL, JJ.
HALL, Judge.
This appeal is from a judgment of the District Court rescinding and vacating an order issued on petition of plaintiff, Alice Faye Bumbard Laffitte, directing defendant, James Laffitte, to appear and be examined as a judgment debtor.
Plaintiff filed a petition to examine defendant as a judgment debtor, alleging that a money judgment was rendered in her favor against her former husband by the Second Circuit Court of Appeal in Suit No. 11,345 on the docket of the appellate court. See Laffitte v. Laffitte, 232 So.2d 92 (La.App.2d Cir. 1970). The judgment of the Court of Appeal recognized plaintiff as the owner of an undivided one-half interest in the account credited to defendant in the employees' profit sharing plan of Hendrix Manufacturing Company, Inc., which account totaled $7,905.51 as of the date of dissolution of the community of acquets and gains formerly existing between plaintiff and defendant. Defendant answered denying the judgment rendered by the Court of Appeal was a money judgment and denying plaintiff's right to examine him as a judgment debtor.
The District Court held that plaintiff's interest in the profit sharing plan account (which is payable only in the event of defendant's retirement or death) is no greater than defendant's interest and is subject to all of the conditions under which the account was established. The Court further held that while the Court of Appeal judgment recognized plaintiff's interest in the account it was not a money judgment against defendant and plaintiff had no right to examine defendant as a judgment debtor.
We affirm the judgment of the District Court.
The judgment upon which plaintiff relies was rendered by this Court in a suit brought by plaintiff against defendant for partition of their community property. The parties agreed on the division and disposition of all assets except the profit sharing *122 account. Plaintiff claimed the account was community property and defendant claimed it was his separate property. The Court of Appeal, reversing a decision of the District Court, held that the account was "property" acquired during the marriage and, therefore, "constituted an asset of the community." The Court further held that the rights earned by defendant in the profit sharing plan are as of the date of dissolution of the marriage "owned in indivision" by plaintiff and defendant and "defendant is accountable to the plaintiff for her one-half undivided share thereof." Judgment was rendered as follows:
"The judgment appealed from is reversed and set aside, and for the reasons assigned Alice Faye Bumbard Laffitte is granted judgment herein declaring her to be owner of a one-half undivided share of the account credited to James Laffitte in the employees profit sharing plan of the Hendrix Manufacturing Company, Inc. as of November 7, 1968 and which totaled as of that date $7,905.51."
The language of the judgment itself is plain, unambiguous and presents no problem of interpretation. It is a declaration of ownership only. It is not a money judgment. It contains no language which could be construed as ordering defendant to pay any sum of money to plaintiff.
The judgment being a declaration of ownership and not for the payment of money, plaintiff has no right to examine defendant as a judgment debtor pursuant to the procedure established by Articles 2451 et seq. of the LSACode of Civil Procedure as an aid in the execution of money judgments.
Plaintiff contends that the statement in the Court's opinion that "defendant is accountable to the plaintiff for her one-half undivided share thereof" means that defendant is presently indebted to or should pay to plaintiff a sum equal to one-half of the account. The quoted phrase means only that to the extent defendant has control of the account as the designated participant therein, he is accountable to plaintiff for her share at such time as the proceeds are available.
Plaintiff urges that she should not have to wait until defendant's retirement or death to receive her share, that she should not be compelled to hold this asset in indivision with defendant, and that the only effective means of partition in this instance is a money judgment in her favor against defendant. Plaintiff cites Messersmith v. Messersmith, 229 La. 495, 86 So.2d 169 (1956) and Broyles v. Broyles, 215 So.2d 526 (La.App. 1st Cir. 1968) as authority for the granting of a money judgment as a means of effecting a partition of a community assert such as is involved here.
In Messersmith, the Court held that a provision in a corporate charter prohibiting the transfer of stock without the stockholder first offering the stock to his co-share-holders or officers of the corporation did not negative the wife's present interest as a co-owner with her husband in whose name the stock was registered, and that the wife was entitled, upon dissolution of the community, to a division of the stock in kind and to exclusive control of her vested interest therein. Messersmith is consistent with the decision in the instant case in that it recognized the wife's vested, present co-ownership of the asset in question. There the asset was partitioned in kind contrary to the husband's plea that he should retain the stock and pay his wife one-half of the value.
Broyles is not applicable here because in that case the asset involved (the husband's interest in a Teachers' Retirement Fund) was held to be his separate property and the husband was held to be indebted to his former wife for reimbursement of one-half of the community money paid into the fund. In the instant case, the asset is community property and plaintiff's rights are in the asset itselfnot a claim for reimbursement for expenditure of community funds.
This Court in its previous decision did not order a partition of the profit *123 sharing plan account and the instant case does not present a question of either party's right to a partition or the manner of partition. Plaintiff has been recognized as the owner of an undivided one-half interest in the account as of the date of dissolution of the community. To the extent of her interest, she has all the same rights her former husband has under the terms of the plan. She does not, however, have any greater rights and neither party is entitled to any of the funds in the account until death or retirement of the defendant. It is difficult to perceive of how this asset could be effectively partitioned to the advantage of either party at this point in time. In any event, the issue of partition, as such, is not adjudicated by either our previous decision or this decision.
For the reasons assigned, the judgment appealed from is affirmed.
Affirmed.