LEMMON, Judge.
Edgar Allan Aime, Jr. filed this suit to recover damages for injuries sustained in an accident which occurred on April 27, 1969. Kathryn Aime intervened and claimed that any damages recovered in this suit belonged to the community of acquets and gains which previously existed between her and Mr. Aime. The trial court granted a motion for summary judgment and dismissed the petition of intervention, and Mrs. Aime appealed.
The affidavit filed by Mr. Aime established that a suit for separation from bed and board was filed by his wife on April 7, 1969 (before the accident) and a judgment of separation was rendered on June 23, 1969 (after the accident). No counter affidavit was offered.
A cause of action is property, and if the cause of action was acquired by Mr. Aime during the existence of the community, the cause of action is community property. Chambers v. Chambers, 259 La. 246, 249 So.2d 896 (1971).
The date of the termination of the community is therefore critical, and the sole issue on appeal is whether the community was dissolved as of the date the suit for separation was filed or as of the date the judgment was rendered.
Prior to 1962, the community was dissolved as of the date of the judgment of separation. Tanner v. Tanner, 229 La. 399, 86 So.2d 80 (1956). LSA-C.C. art. 155 was amended in 1962 to read:
“The judgment of separation from bed and board carries with it the separation of goods and effects and is retroactive to the date on which the petition for same was filed, but such retroactive effect shall be without prejudice (a) to the liability of the community for the attorneys’ fees and costs incurred by the wife in the action in which the judgment is rendered, or (b) to rights validly acquired in the interim between commencement of the action and recordation of the judgment. * * * ” (Emphasis supplied)
While the apparent legislative intent was to provide for dissolution of the community between the parties as to the date on which the suit was filed, the statute does not specifically recite whose “rights validly acquired in the interim” are unaffected by the retroactive provision.
If rights acquired by the husband or the wife between the date of the filing of the suit for separation and the date of the judgment are not subject to the retroactive effect of the statute, then there is little reason to make the judgment retroactive.
The only interpretation which gives effect to the entire statute is that the retroactive effect shall be without prejudice to rights validly acquired by third parties in the interim. See XXIII La. Law Review 41, 42 (1963). As between the parties, the community is dissolved as of the date on which the suit was filed.
*301 We therefore conclude that the community between Edgar Allan Aime, Jr. and Kathryn Aime was terminated on April 7, 1969, prior to the accident, and the petition of intervention was properly dismissed.
Accordingly, the summary judgment is affirmed at appellant’s costs.
Affirmed.