258 So.2d 661 (1972)
Margaret B. HAMILTON, Plaintiff-Appellee,
v.
Claudie G. HAMILTON, Defendant-Appellant.
No. 3749.
Court of Appeal of Louisiana, Third Circuit.
March 2, 1972.
*662 Preston N. Aucoin, Ville Platte, for defendant-appellant.
Fusilier, Pucheu & Soileau, by A. Gaynor Soileau, Ville Platte, for plaintiff-appellee.
Before SAVOY, MILLER and DOMENGEAUX, JJ.
MILLER, Judge.
After obtaining a judicial divorce on April 8, 1970, wife sued to partition the community property. Defendant husband appeals the trial court judgment which awarded plaintiff wife approximately onehalf the cash value of husband's Retirement Income Plan and Thrift Plan. Husband's employer which was not a party to the suit was ordered to pay wife $3,256.50 as her half interest in the two plans. We set aside the judgment as to this portion of the award and remand the case.[1]
Claudie G. Hamilton married Margaret B. Hamilton in December 1952. Since September 1953 he has worked for Transcontinental Gas Pipe Line Corporation. In September, 1954, he started contributing to the company Retirement Income Plan and Thrift Plan which benefits are the subject of this appeal.
The parties were judicially divorced on September 5, 1961 (Tr. 13) and remarried on January 16, 1963 (Tr. 12). There is no evidence to indicate that there was or was not a settlement or division of this community. There is no testimony to indicate the amount of husband's contributions to the retirement and thrift plans from September 5, 1961 to January 16, 1963. There is no testimony to indicate the amount of husband's contributions after January 16, 1963. There is no evidence to indicate whether the company did or did not contribute to the Retirement Income Plan.
The parties made a joint offering of the following statement by Transcontinental Gas Pipe Line Corporation. (P.D. 1, Tr. 8)
"Retirement Income Plan

"As of April 8, 1970 Mr. Claudie G. Hamilton's total contributions to the Plan amounted to $2,690.31 and interest amounted to $341.32. Upon termination of employment for any reason other than retirement participant will be refunded the aggregate of his contributions plus interest.
"Thrift Plan

"As of April 8, 1970 Mr. Claudie G. Hamilton's deposits totaled $1,661.00, Company contributions totaled $1,301.25, all of which is invested in 157 U.S. Government Bonds, Series E ($25.00 Denomination) with an April redemption value of $3,708.70 and $18.50 is in cash. Participant may withdraw all or any part of his deposits anytime. The balance of his account will be distributed to him at retirement or termination of employment."
This is the only evidence offered by either party on the rights of husband to these funds or the manner or times in which the funds were accumulated.
We find no merit to defendant appellant husband's contention that there is insufficient evidence to indicate that wife has an interest in the retirement and thrift plans. The joint offering shows that as of April 8, 1970, some $6,700 were credited to husband in these two plans. It was established that the parties were married during a substantial portion of the time that this sum was being credited to the husband. The wife has an interest in these funds. Messersmith v. Messersmith, 229 La. 495, *663 86 So.2d 169 (1956); Succession of Wiener, 203 La. 649, 14 So.2d 475, 480, 481 (1943); Laffitte v. Laffitte, 232 So.2d 92 (La.App. 2 Cir. 1970).
Alternatively defendant appellant husband contends that if wife has an interest in the two plans, the plans must be sold at public auction. It is argued that where the parties fail to effect a voluntary settlement of the community property, the only relief available is to partition by licitation. We differ. The relief granted in Laffitte v. Laffitte, 232 So.2d 92 at 96 was to recognize wife as owner of a certain cash amount (½ of $7,905.71 in that case) in the account credited to her husband in the company's profit sharing plan. We think that result is correct, and that here, plaintiff wife's interest can be appraised at a certain monetary value.
The funds placed in the retirement plan and in the thrift plan (whether by company or husband) from January 16, 1963 through April 8, 1970 and the income accruing thereto are part of the last community of acquets and gains existing between the parties. The wife is entitled to judgment against husband (not the company) for one-half the husband's interest in these contributions. See Messersmith, Wiener and Laffitte cases supra.
The funds placed in the two plans from September 5, 1961 through January 15, 1963 together with interest or income earned thereon are husband's property.
The funds placed in the two plans prior to September 5, 1961 together with interest or income earned thereon are part of the community of acquets and gains which was dissolved on September 5, 1961. The trial court should determine whether or not the wife's October 8, 1970 suit posed a valid claim to funds accumulated before September 5, 1961.
Courts of Appeal have the right to remand cases for additional evidence to prevent a miscarriage of justice. LSA-C.C.P. 2082, 2164. It was established that wife has a substantial interest in the retirement and thrift funds, but neither party produced sufficient information to allow a proper determination of the value of her interest.
The judgment of the trial court is affirmed insofar as it ordered a partition by licitation of the community assets excepting Claudie G. Hamilton's interest in the Transcontinental Gas Pipe Line Corporation Retirement Income Plan and Thrift Plan. Insofar as the judgment affected these Plans, it is reversed and set aside. The case is remanded to take additional evidence and to determine the value of Margaret B. Hamilton's interest in the two Plans. Costs of this appeal are assessed equally to the parties.
Affirmed in part. In part reversed and remanded.
NOTES
[1] The remainder of the judgment ordered the community property, both real and personal, sold to effect a partition. Xeither party complained as to the remainder of the judgment.