ON APPLICATION FOR REHEARING
Plaintiff’s application for rehearing was granted, limited to his request for a remand for additional evidence to show a diminution in value caused by the appropriation.
Essentially, plaintiff contends that his failure to introduce any evidence of diminution in fair market value resulted from an assumption by counsel for both parties that the record in the previous case, State, through the Department of Highways v. Mouledous, 199 So.2d 183 (La.App. 3rd Cir. 1967) showed such diminution. And that the stipulation on which the present case was tried stated it was “submitted to the court for decision upon the record compiled before this Honorable Court before the remand for this instant determination.”
Plaintiff says that an examination of the record in the previous case shows there was a diminution in value of the five lots in question here in a sum exceeding $25,000. The district judge in the present case did not find that such showing had been made, for he stated in his written reasons: “There is no testimony as to the diminution of the market value of the property appropriated by the widening of the ditch.” Of course, the record in the previous case is not before us on appeal and we have no way to determine whether or not it supports plaintiff’s contention as to diminution in market value.
If in fact there was diminution in market value, then plaintiff is entitled to recover. Out of an abundance of precaution and in order to prevent a possible miscarriage of justice, we have decided to remand this case, Hamilton v. Hamilton, 258 So.2d 661 (La.App. 3rd Cir. 1972); Salley Grocer Company v. Hartford Accident & Indemnity Company, 223 So.2d 5 (La.App. 2d Cir. 1968); and LSA-C.C.P. Article 2164.
For the reasons assigned, our original decision in the present case rendered on April 25, 1973 is recalled and set aside. The judgment appealed is reversed, and this case is remanded to the district court for the introduction of additional evidence by both parties limited to the issue of diminution in market value resulting from the appropriation, and for further proceedings in accordance with law and the views expressed in this and our original opinion. All costs of this appeal are assessed against the defendant appellee insofar as costs may be assessed against a state agency. Costs in the district court will await a final determination there.
Original decision recalled, District Court judgment reversed and case remanded.