289 So.2d 343 (1974)
Audrey LANGLINAIS, Plaintiff-Appellant,
v.
Ignace DAVID, Defendant-Appellee.
No. 4397.
Court of Appeal of Louisiana, Third Circuit.
January 25, 1974.
*344 Preston M. Summers, Abbeville, for plaintiff-appellant.
Deshotels & Deshotels by O. H. Deshotels, III, Kaplan, for defendant-appellee.
Before FRUGÉ, MILLER and PONDER, JJ.
MILLER, Judge.
Plaintiff Audrey Langlinais appeals that portion of the trial court's judgment denying her claim to one-half of her husband's monthly pension check as community property. We reverse, holding that she is entitled to one-half the value of her defendant husband Ignace David's account in the State Police Retirement Fund as of the date the community of acquets and gains was dissolved.
Audrey Langlinais and Ignace David were married on November 23, 1935. David was employed by the State Police from May 28, 1937 to March 20, 1941 and from September 1, 1952 through January 15, 1971, the date of his retirement. David was credited with three years additional service in the Retirement Fund because of his military service.
The parties were judicially separated on February 12, 1970 and on December 10, 1970, they partitioned the community property. The partition agreement failed to mention David's interest in the pension fund. Although David agreed to assume all but a specific named indebtedness, the agreement contains no residual disposition by or on behalf of either spouse.
The parties reconciled at a date not exactly determined but the community of acquets and gains was not reestablished. The parties separated again in August of 1972 and the second judgment of judicial separation was signed on April 23, 1973.
David retired on January 15, 1971 and has since been receiving $652.50 in monthly retirement benefits. A letter from the Division of State Police dated November 15, 1972, stated that David had paid $4,733.94 into the State Police Retirement Fund.
The April 1973 judgment denied Langlinais' claim for half her husband's retirement benefits. The trial judge found that although the benefits were earned during the marriage, Langlinais was not entitled to share in the benefits since a community settlement had been entered which failed to mention the Retirement Fund. The trial court noted that Langlinais knew of her husband's plan to retire prior to entering into the community property settlement, and concluded that she waived her claim to the retirement fund by failing to list this fund as an asset in the community property settlement. We find manifest error in this conclusion.
The December 10, 1970 community property settlement outlines in detailed *345 fashion the distribution of community assets to David and to Langlinais. Each party assumed one-half of a substantial mortgage on certain farm property which property had been divided equally between the parties. The parties also partitioned equally the rice quota or allotment assigned to the entire tracts prior to the partition. David assumed payment of all community obligations not specifically mentioned in the partition, but there was no residual disposition of unlisted assets.
The most likely conclusion that can be drawn from the failure to mention the fund at the time of the partition agreement is that it was mutual oversight.
The trial judge found, and David urges here, that the wife's attempt to reopen the community settlement is invalid because of her failure to allege error, fraud, or mistake in the original agreement. She is not attempting, however, to set aside the original agreement, but merely asks for a supplementary partition. LSA-C.C. art. 1308, contained in the Chapter "of the Partition of Successions", provides that the action of partition lies between all persons who hold property in common. LSA-C.C. art. 1401 provides that the mere omission of a thing from the partition is not ground for recission, but simply for a supplementary partition. Langlinais here asks for nothing more than a supplementary partition of a community asset omitted from the original community property settlement through mutual oversight.
At the February 12, 1970 judicial dissolution of the community of acquets and gains, David's interest in the State Police Retirement Fund was a community asset. Relevant provisions of the Retirement Fund are found at LSA-R.S. 40:1421 et seq. There is no provision purporting to specifically classify employee's rights in the fund as separate property of the employee. Scott v. Scott, 179 So.2d 656 (La. App. 2 Cir. 1965), is distinguished on this basis.
The Civil Code provisions on separate and community property and related jurisprudence are controlling. LSA-C.C. art. 2334 defines community property as that which is acquired by the husband and wife during the marriage, and is not classified as separate property. Separate property is that which either party brings into the marriage, acquires during the marriage with separate funds, or receives by inheritance or particular donation. The contributions to the State Police Retirement Fund were begun during the existence of the community with community earnings and continued until the February 12, 1970 dissolution of the community. David retired on January 15, 1971. LSA-R.S. 40:1425 provides that payments from the fund shall be received commencing with retirement.
Interests in retirement funds and profit sharing plans created during the existence of the community belong to the community of acquets and gains. Hamilton v. Hamilton, 258 So.2d 661 (La.App. 3 Cir. 1972); Laffitte v. Laffitte, 232 So.2d 92 (La.App. 2 Cir. 1970).
We must now determine what portion of this fund belongs to Langlinais. The community was dissolved before David's retirement. Since David's benefits began as of his retirement (LSA-R.S. 40:1425), Langlinais is not entitled to half of David's monthly retirement check.
Langlinais is entitled to one-half the value of the fund as of the termination of the community. The record shows that David paid $4,733.94 into the fund before he retired on January 15, 1971, but does not show what amount was paid into the fund prior to the February 12, 1970 judicial separation. Since David had not chosen to retire by that date, the option to receive monthly benefits from the Retirement Fund had not been exercised. Thus the sole value of the fund at the dissolution of the community was the value of David's account. David is only required to pay Langlinais one-half the value of the account as of the date the community was *346 dissolved, together with legal interest from the September 20, 1972 date of judicial demand.
The trial court judgment is reversed insofar as it denies Audrey Langlinais an interest in the retirement fund created during the existence of the community of acquets and gains. Ignace David is ordered to pay Audrey Langlinais one-half the amount of the value of the community's interest in the State Police Retirement Fund as of February 12, 1970, with legal interest from the September 20, 1972 date of judicial demand. Costs of this appeal are assessed to Ignace David.
Reversed in part, and rendered.