325 So.2d 674 (1976)
Velma Miles ROBERTS, Plaintiff-Appellee,
v.
James Hugh ROBERTS, Defendant-Appellant.
No. 12698.
Court of Appeal of Louisiana, Second Circuit.
January 6, 1976.
*675 Jones, Blackwell, Chambliss, Hobbs & Henry, by Sam O. Henry, III, West Monroe, for defendant-appellant.
John J. McKeithen, Burns & Lewellyan, by Ronald L. Lewellyan, Columbia, for plaintiff-appellee.
Before BOLIN, PRICE, HALL, MARVIN and GLADNEY, JJ.
BOLIN, Judge.
This appeal was originally argued and submitted to a panel of three judges, a majority of whom decided the judgment appealed from should be modified or reversed, with one judge dissenting. Pursuant to Louisiana Constitution Article V, Section 8(B) (1974), the case was reargued before a panel of five judges.
This appeal by the defendant-husband is from a judgment of the district court granting the plaintiff-wife a separation on the grounds of abandonment, awarding plaintiff alimony pendente lite in the amount of $100 per month, and recognizing plaintiff as the owner of an undivided one-half interest in all community property, specifically "including but not limited to a sum equal to one-half (&frac 12;) of all retirement benefits payable from the Louisiana State Employee's Retirement System." On appeal the defendant-husband contends: (1) plaintiff is not entitled to alimony because she has sufficient income to meet her needs; and (2) plaintiff is entitled only to one-half of the value of the retirement fund as of the date of dissolution of the community and is not entitled to onehalf of defendant's monthly retirement benefits, defendant having retired after the separation suit was filed.

ALIMONY PENDENTE LITE
The trial court awarded $100 per month for alimony pendente lite. The parties had been married for over twenty-eight years at the time of their separation. Defendant was employed by the Louisiana Department of Wildlife and Fisheries at a salary of about $900 per month. He retired about three weeks after the separation suit was filed and draws monthly retirement benefits of $472.35. He has not sought other employment and has no other income, but the trial judge noted he is in his fifties and ablebodied.
Plaintiff had worked some during the marriage and went back to work several months prior to the separation. She works on an assembly line for a trailer manufacturer making $3.10 per hour, grossing about $340 per month and netting about *676 $266. Plaintiff has some income from rental of about 85 acres of farm land she owns, but the rent varies and the evidence is inconclusive as to the amount she could expect to receive from this source. She testified her monthly expenses total over $700.
Louisiana Civil Code Article 148 governs plaintiff's right to alimony pending the litigation. This article provides:
If the wife has not a sufficient income for her maintenance pending the suit for separation from bed and board or for divorce, the judge shall allow her, whether she appears as plaintiff or defendant, a sum for her support, proportioned to her needs and to the means of her husband.
Taking into consideration plaintiff's income, defendant's income and his ability to earn, and the standard of living to which plaintiff was accustomed during the marriage, the amount awarded by the trial court is not excessive and is within the range of the trial court's sound discretion. The wife did not appeal nor answer the appeal and, therefore, the inadequacy of the award is not at issue.

RETIREMENT PLAN
On the date the separation suit was filed, May 10, 1974, defendant was employed by the Department of Wildlife and Fisheries of the State of Louisiana, where he had worked for some twenty-seven years. As an employee of the State, he was a member of the Louisiana State Employees' Retirement System, established by La.R.S. 42:541 et seq. The evidence does not disclose whether defendant was a wildlife agent and subject to the special retirement provisions for certain wildlife agents established by LSA-R.S. 56:681 et seq., but this fact is unimportant as it relates to the issue on appeal because the pertinent provisions of Chapter 10 of Title 42 remain applicable.
On the date the separation suit was filed there was credited to defendant's account in the retirement fund accumulated contributions made by him of $6,609.81, plus interest of $502.94 or a total of $7,112.75. Defendant retired effective May 29, 1974, and exercised his option to take a monthly retirement allowance of $472.35. The evidence does not disclose whether defendant was eligible to retire on May 10, the date suit was filed, or whether he became eligible during the short interim between the time suit was filed and his retirement. The separation judgment was signed on March 20, 1975.
The district court held defendant's interest in the retirement fund and/or monthly benefits was community property, citing Langlinais v. David, 289 So.2d 343 (La.App.3d Cir. 1974); Hamilton v. Hamilton, 258 So.2d 661 (La.App.3d Cir. 1972); and Laffitte v. Laffitte, 232 So.2d 92 (La.App.2d Cir. 1970). See also Laffitte v. Laffitte, 253 So.2d 120 (La.App.2d Cir.1971). Neither party quarrels with this decision. The main dispute between the parties is whether the wife is entitled only to onehalf of the value of or one-half of the contributions made to the retirement fund or whether she is entitled to one-half of the monthly benefits now being received by defendant. The district court noted that although LSA-C.C. Art. 155 provides the judgment of separation dissolves the community retroactive to the date the petition was filed, the Article also provides such retroactive effect shall be without prejudice "to rights validly acquired in the interim between commencement of the action and recordation of the judgment." The court held that since defendant retired and exercised his right to receive monthly benefits in the interim between commencement of the action and rendition of the judgment, the right accrued during the existence of the community and the wife is entitled as owner thereof to receive a sum equal to one-half of the monthly benefits as and when paid. The Langlinais case, in which a contrary result was reached, was *677 distinguished on the basis that the husband in that case did not retire until after the separation judgment was rendered.
Defendant argues on appeal that the district court misconstrued the provisions of Article 155 and contends that the exception to the retroactive effect of a separation judgment applies only to rights of third parties acquired in the interim and not to rights of the husband and wife, citing Aime v. Hebert, 254 So.2d 299 (La.App.4th Cir. 1971). Defendant argues that since the community was dissolved as of the date the separation suit was filed, prior to the exercise of defendant's right to receive monthly benefits, the wife is entitled only to one-half of the value of the account as of that date. Defendant cites the Langlinais, Hamilton and Laffitte cases, as well as Lynch v. Lawrence, 293 So.2d 598 (La.App.4th Cir. 1974), in support of his position.
Defendant's position is well taken on the effective date of the dissolution of the community. As between the parties, it is the date on which suit was filed. In Aime v. Hebert, supra, it was correctly held:
"While the apparent legislative intent was to provide for dissolution of the community between the parties as to the date on which the suit was filed, the statute does not specifically recite whose `rights validly acquired in the interim' are unaffected by the retroactive provision.
"If rights acquired by the husband or the wife between the date of the filing of the suit for separation and the date of the judgment are not subject to the retroactive effect of the statute, then there is little reason to make the judgment retroactive.
"The only interpretation which gives effect to the entire statute is that the retroactive effect shall be without prejudice to rights validly acquired by third parties in the interim. See XXIII La. Law Review 41, 42 (1963). As between the parties, the community is dissolved as of the date on which the suit was filed."
Our basic disagreement, however, with the decision of the district court, and indeed with the contentions of both parties, is in the classification of defendant's interest in the retirement fund as community property. Such classification is consistent with the Langlinais, Lynch, Hamilton and Laffitte cases, and also with Daigre v. Daigre, 228 La. 682, 83 So.2d 900 (1955) and Messersmith v. Messersmith, 229 La. 495, 86 So.2d 169 (1956). It is, nevertheless, inconsistent with Scott v. Scott, 179 So.2d 656 (La.App.2d Cir. 1965) which squarely held an interest in the statutorily created State Teachers' Retirement System is the separate property of the teacher-spouse.
In Daigre, the Supreme Court held a pension in the nature of a pure gratuity received by the husband during the marriage was separate property, but stated that if a pension payable during the marriage results from a contract between the payor and the pensioner and is part of the consideration for the services which have been rendered then it unquestionably becomes a community asset.
In Messersmith, the court held a retirement plan certificate issued by a life insurance company to the husband as part of a group annuity policy of his employer, the premiums for which were paid with community funds, was a community asset.
In Laffitte, the Second Circuit held that the vested interest of the husband in an employee profit sharing plan established by his employer for the benefit of employees to provide a sum of money or income after retirement, the fund consisting entirely of contributions by the employer, was in the nature of additional remuneration and deferred compensation acquired during the *678 marriage and was an asset of the community.
In Hamilton, the Third Circuit held the husband's retirement income plan and thrift plan to which he contributed during the marriage were assets of the community.
In Langlinais, the husband's interest in the State Police Retirement Fund, to which he contributed during the marriage, was recognized as community property by the Third Circuit.
In Lynch, the Fourth Circuit held that a pension plan established by the husband's employer for the benefit of all full-time employees, with contributions made only by the employer, but in which the husband had acquired a vested right by length of service prior to dissolution of the community, was incorporeal, movable property and an asset of the community.
The cases which held interests in various retirement plans to be community property have reached varying results as to the disposition of the asset upon dissolution of the community. In Messersmith, the court recognized the wife as the owner of a one-half interest in the retirement certificate, even though it would have no value until the husband's retirement. In the first Laffitte case, the wife was declared to be the owner of a one-half undivided share of the profit sharing plan for which the husband was accountable. The second Laffitte case held that the husband was not accountable for her share until such time as the proceeds were available, that is, at his retirement. Hamilton held that the wife was entitled to judgment against the husband for one-half of the amount of contributions made during the marriage. In Langlinais, the court ordered the husband to pay to the wife one-half of the value of the community's interest in the fund as of date of dissolution of the community. In Lynch, the court devised a formula for determining the value of the wife's community interest based on settlement provisions in the plan and directed that her interest be paid out of future benefits on a percentage basis at such time as the husband began to receive monthly benefits upon retirement.
Reaching an opposite result from the cases discussed above, but not necessarily inconsistent therewith, is a solid line of cases, starting with Scott v. Scott, supra, and including Broyles v. Broyles, 215 So.2d 526 (La.App.1st Cir. 1968); Moore v. Moore, 187 So.2d 145 (La.App.2d Cir. 1966) writ denied 249 La. 451, 187 So.2d 438 (1966); and Blalock v. Blalock, 259 So.2d 367 (La.App.2d Cir. 1972), which squarely holds that a member's interest in the State Teachers' Retirement System established by LSA-R.S. 17:571 et seq., is the separate and paraphernal property of the member.
Scott v. Scott, supra, was a suit for partition of the assets of the community. The plaintiff-wife had for many years during the marriage been a teacher and while so employed there was deducted from her salary and paid into the retirement system, of which she was a member by reason of her employment, several thousand dollars. In holding that the annuity, pension or retirement benefit to which plaintiff is entitled under the statute is her separate property, the court noted membership in the system is limited by the statute to teachers. The court further noted that the rights of members in the system are exempted by the statute from levy and sale and other judicial process and are unassignable. The vested rights of a member were analogized to the rights of a beneficiary under a life insurance policy where no right is reserved to the insured to change the beneficiary. The court held:
"In giving consideration to the obvious legislative intent and purpose in enacting the statute creating and governing the teachers' retirement system, to which we have already referred, the conclusion is, to us, inescapable that the pension, annuity, or retirement benefit conferred upon *679 plaintiff was her separate and paraphernal property, and that, therefore, its exclusion from the inventory as a community asset was proper."
The court in Scott indicated that the teacher-wife would be obligated to reimburse the community for community funds contributed to the retirement system out of her earnings during the years, but did not expressly so hold under the procedural posture of the case before it. The subsequent cases cited above follow and adhere to the holding of Scott, and further expressly hold the teacher-spouse is indebted to the other spouse for one-half of the contributions made during the existence of the community.
Scott was distinguished by the Third Circuit in Langlinais, which dealt with the State Police Retirement System, on the basis that the statute establishing the State Police Retirement System did not contain similar provisions. In Teachers' Retirement System of Louisiana v. Vial, 317 So.2d 179 (La.1975), affirming 304 So.2d 53 (La.App.1st Cir. 1974), the Supreme Court was not directly presented with a separate versus community property issue but treated a deceased teacher's interest in the retirement system as separate property in disposing of one of the issues presented in that case. See particularly Section IV of the opinion. The Scott line of cases was cited and discussed in the First Circuit Court of Appeal opinion in Vial.
The statutorily-created State Employees' Retirement System is virtually identical in all pertinent aspects to the State Teachers' Retirement System. Its membership is limited to state employees and certain teachers and other public employees. Louisiana Revised Statutes 42:545 provides:
Any annuity, retirement allowance or benefit, or refund of contributions, or to any optional benefit or any other benefit paid or paid to any person under the provisions of this Chapter is exempt from any state or municipal tax, and is exempt from levy and sale, garnishment, attachment or any other process whatsoever, and is unassignable.
This provision is substantially the same as the provision in the State Teachers' Retirement System law relied on in Scott.
While the reasoning underlying the Scott decision may be questioned, the holding is clear and has been consistently followed. There is no basis for distinguishing between an interest in the State Employees' Retirement System and an interest in the State Teachers' Retirement System and it would be entirely inconsistent to treat the two differently. Scott and its progeny mandate that we hold the interest of a member in the State Employees' Retirement System to be the member's separate property.
In reaching this result, we have not failed to note a most recent decision by our Supreme Court in T. L. James & Company, Inc. v. Montgomery, No. 56,138 (S.Ct. December 8, 1975), which decision is not yet final, but have concluded it does not control the decision in this appeal.
In Montgomery, the court held retirement benefits payable upon the death of the employee-participant to a designated beneficiary were community property. The court specifically refused to extend the rationale of those cases which hold life insurance proceeds are not subject to community claims or the laws regarding forced heirship to a situation involving benefits payable under a private employer's retirement plan. In reaching its decision, the court reaffirmed the viability and vitality of our community property system.
The Montgomery case involving benefits payable under a private retirement plan devised by a private employer as deferred compensation for the employee is to be distinguished from the instant case involving retirement benefits under the statutorily created State Employees' Retirement System.
*680 The Montgomery case makes clear that stipulations in private retirement plans "cannot alter the wife's rights as a partner in the community." However, this appeal involves retirement benefits under a system created by statute. We held in Scott that the terms of the statute creating the State Teachers' Retirement System rendered the retirement benefits the separate property of the teacher-member. Consistently with Scott, we hold that the terms of the statute creating the State Employees' Retirement System alter the Civil Code provisions relative to community property and render the husband-member's interest in the retirement plan his separate property.
We find additional support for this holding in the fact that the Supreme Court in Montgomery did not mention Scott or the cases following it, nor did it mention its own decision in Vial.
It follows, then, that the judgment in this case recognizing plaintiff as the owner of a sum equal to one-half of all retirement benefits payable to defendant from the Louisiana State Employees' Retirement System is in error. That portion of the judgment appealed from must be reversed and set aside. This court recognizes plaintiff's right under Civil Code Article 2408 to claim one-half of the value of the increase to her husband's separate property if it be proved the increase is the result of the common labor. However, it is not appropriate to render any judgment in that regard at this time, since the only issue before the court is the ownership of defendant's interest in the system, and the posture of the case does not allow us to evaluate the debt owed to the plaintiff by defendant's separate estate. Such a judgment will be appropriate in a suit for partition or liquidation of the community.
For the reasons assigned, that portion of the judgment of the district court recognizing plaintiff as owner of a sum equal to one-half of all retirement benefits payable to defendant from the Louisiana State Employees' Retirement System is reversed and set aside. In all other respects, the judgment of the district court is affirmed. Costs of the appeal are assessed to defendant.
MARVIN, J., dissents and assigns written reasons.
MARVIN, Judge (dissents).
The majority determination that the retirement benefits are separate property stems from what I believe is an erroneous construction of R.S. 42:545 and a statute of similar wording which was under consideration in Scott v. Scott, cited by the majority. These statutes exempt retirement benefits from taxation, levy and sale, garnishment, attachment, and other processes and assignment to or by creditors. That is all these statutes were intended to do by their clear wording. See for example R.S. 13:3881, a general exemption statute. Exemption statutes do not and should not determine the character of property as either community or separate.
This classification of patrimonial rights and obligations is determined by the contractual relationship existing between the spouses. In the absence of a marriage contract to the contrary, the Civil Code "superinduces of right" the community of gains as a contractual partnership between the spouses. See La.C.C. Arts. 2325, 2332, and 2399. In addition to the matrimonial regime provided by the Louisiana Civil Code, other statutes may affect the nature of the spouses' patrimonial assets and liabilities, as an exception to the community property regime. However, I find no such statute in either the State Employees' Retirement System or the State Teachers' Retirement System. It necessarily follows that the character of the retirement benefits here is governed by the community of gains where no marriage contract or statute expressly provides to the contrary. *681 See T. L. James Co. Inc. v. Montgomery, Docket No. 56,138, (La.1975).
Under the community of gains, La.C.C. Art. 2334 provides:
"The property of married persons is divided into separate and common property.
"Separate property is that which either party brings into the marriage, or acquires during the marriage with separate funds, or by inheritance, or by donation made to him or her particularly.
"The earnings of the wife when living separate and apart from her husband although not separated by judgment of court, her earnings when carrying on a business, trade, occupation or industry separate from her husband, actions for damages resulting from offenses and quasi offenses and the property purchased with all funds thus derived, are her separate property.
"Actions for damages resulting from offenses and quasi offenses suffered by the husband, living separate and apart from his wife, by reason of fault on her part, sufficient for separation or divorce shall be his separate property.
"Common property is that which is acquired by the husband and wife during marriage, in any manner different from that above declared. * * *"
The retirement benefits in question were produced by contributions from Mr. Roberts's paycheck. Since the retirement benefits were acquired in a "manner different from" the methods of acquiring separate property, the provisions of Art. 2334 relative to separate property are not applicable. Therefore, these benefits are community property.
Suit for separation was filed May 10, 1974. By La.C.C. Art. 155, the community of gains was dissolved on this date. Upon dissolution of the community the value of the retirement benefits could have been determined by any competent actuary. I would reverse and remand for that purpose.
I respectfully dissent.