PONDER, Judge.
This is an appeal from a judgment partitioning a pension plan.
The only issue is the method of computing the value of the wife’s share.
We affirm.
The community was established in 1946. Since 1956, plaintiff has been employed as an air traffic controller for the federal government. As of the date the community was dissolved in 1975, Mr. Sims had contributed $14,446.95 to the retirement plan in which he is enrolled. There were no employer contributions. The parties stipulated that the contributions to the plan were community property.
Mrs. Sims has pointed out in her brief there are available three methods of computing the value of the pension plan:
1. the amount that could be withdrawn as employed in Langlinais v. David [La. App.], 289 So.2d 343 (3rd Cir. 1974);
2. a general formula ascribing to the community that portion that was earned during the community of the annuity that ultimately is drawn, as employed in Lynch v. Lawrence [La.App.], 293 So.2d 598 (4th Cir. 1974), writ refused La., 295 So.2d 809; and
3. the present actuarial value of the right to participate in the retirement plan at a later time. Mrs. Sims cited no case, and we have none, employing this method.
The lower court used the first method. Mrs. Sims urges the use of the second and cites the case of Lynch v. Lawrence, supra, which gave the general formula for the computation and mandated the beginning of payment upon employee’s retirement.
The Lynch case is distinguishable, however, because there were no employee contributions; the employer contributions and the earnings of the trust were not apportioned to an individual account for each employee. The vested interest in the deferred plan could not be discounted, assigned or converted into cash. The husband *975 could collect nothing until the day he reached 65 years of age. Although the court declared that the wife’s interest was one-half the value of the deferred plan on the date of dissolution, it did not require the husband to pay until he began to draw his monthly benefits. This was the only practical method of protecting the wife’s community interest. A logical criticism of the holding, however, is that it does not result in a partition of the community asset but only in a recognition that the wife owns an undivided interest.
In Swope v. Mitchell, La.App., 324 So.2d 461 (3rd Cir. 1975) the husband was a military officer who had retired prior to the dissolution of the community. The court declared the former wife to be owner of an undivided interest in the retirement plan based upon the ratio of time the community existed in relation to the length of military service. Since the husband had already retired, the value of the plan was the monthly retirement benefits.
In T. L. James v. Montgomery, La., 332 So.2d 834 (1976), the court was dealing with the distribution of proceeds accrued by the death of an employee, not with the partition of a community.
In Messersmith v. Messersmith, 229 La. 495, 86 So.2d 169 (1956) the suit involved the partition of the community, but the court confined itself, on this point, to reversing the lower court’s finding that the annuity insurance policy had no value and to declaring that it was a community asset without addressing itself to the questions of valuation and partition.
Instead, we find this case is very similar to Langlinais v. David, La.App., 289 So.2d 343 (3rd Cir. 1974), cited in T. L. James v. Montgomery, supra, without criticism. There the husband became a member in the state police retirement program during the existence of the community. The court concluded that since the community was dissolved prior to the husband’s retirement, the only value to be ascribed to the fund was the cash value and the wife was entitled to one-half of that.
Mr. Sims had no option to receive monthly benefits from the fund before retirement; as of the date of dissolution, he had not reached the required age to retire. Therefore, as in Langlinais, the only immediate value of the retirement fund was the amount Mr. Sims could withdraw, and Mrs. Sims is entitled to one-half of that amount.
It is to be emphasized that this is a suit to partition the community property not to seek an abstract declaration of the interest of the community in the pension plan.
Mrs. Sims argues that this is unfair to the wife. The result might prove to be inequitable to the spouse in some instances; in others, however, the result will be advantageous, since it is conceivable that the employee might never retire and draw benefits. In the absence of proof of a different and more equitable method of partitioning the community, the lower court was correct.
For the above reasons, the judgment of the trial court is affirmed; defendant to pay all costs of this appeal.
AFFIRMED.