ELLIS, Judge.
Plaintiff, The Springs Thunder Agency, Inc., operated a fire and casualty insurance agency in D'enham Springs, Louisiana. In early 1968, a representative of Odom Insurance Agency, Inc., the defendant, contacted Mr. Spring, plaintiff’s president, relative to buying the business. After some negotiation, the sale took place, as of June 1, 1968. A written contract was entered into which contained the following pertinent language:
“Things Sold: Seller conveys all records and files of the agency sold to Buyer and the exclusive right to the renewals on existing active accounts of the agency. Seller further agrees, in consideration of the price and other provisions of this agreement not to engage in the fire and casualty insurance business in competition with Buyer in Livingston Parish or in any Parish adjoining Livingston Parish for a period of five (5) years from the effective date of this agreement. Nothing herein shall be construed as prohibiting Seller brokering such business through the Buyer.
“Price: The price for which the agency is sold is the sum of Nine Thousand Sixteen and 71/100 ($9,016.71) Dollars which is allocated between the things sold as follows:
“Renewals of existing active accounts $4,016.71
“Covenant not to compete with Buyer 5,000.00
“Total $9,016.71”
A promissory note for $9,573.36, including interest, was given for the purchase price. The note was payable in 24 installments of $398.89 each, called for 8% interest on each installment from maturity until paid, and 10% attorney’s fee, and contained an acceleration clause.
Among the accounts transferred was the Livingston Parish School Board account, which accounted for over 40% of the premium income of the agency. The School Board business was let by bids, and had been awarded to plaintiff for several years.
Defendant bid on the School Board business shortly after the sale was completed, *98 but was unsuccessful. It then demanded a reduction in the purchase price by the amount of the premiums lost. Plaintiff refused this, but did agree to an adjustment of $261.11 for eight policies on which it had requested cancellation because of nonpayment of the premium.
Defendant then stopped paying on the note, beginning with the payment due on November 1,1968. Four payments had been made prior to that time. Plaintiff filed this suit for the balance of $7,977.80 due on the note, together with 8% interest on the balance from maturity until paid, and 10% attorney’s fee.
Defendant answered, admitted the execution of the note, and the payments thereon, but denied the indebtedness. In its recon-ventional demand, defendant alleged that plaintiff had withheld from defendant certain facts of which it had knowledge which showed that the School Board business and other business would not be renewed, and that Odom would not have entered into the contract if full disclosure had been made. The answer further alleges an additional agreement between the parties that the price would be adjusted down pro rata to the extent that any of the then existing accounts failed to renew, but that this part of the agreement was inadvertently omitted from the agreement.
After trial on the merits, and without assigning reasons, the trial court rendered judgment for plaintiff for $7,725.60, with interest from October 4, 1968, until paid, and 10% attorney’s fee. From this judgment, defendant has appealed suspensively. Defendant has answered, asking that the judgment be increased to. the full amount prayed for, and for damages for a frivolous appeal.
We find no evidence in the record to substantiate the allegation that there was any misrepresentation, or the withholding of any information by the plaintiff.
There is some testimony in the record, all admitted subject to plaintiff’s objection to its admissibility under the parol evidence rule, that there was some discussion concerning adjustments in the price in the event of non-renewal. The evidence is at best vague and unsatisfactory, and was either disregarded by the trial judge, or not considered by him because of plaintiff’s objection. Defendant admits in his recon-ventional demand that the discussions took place prior to the execution of the contract, since it alleges that the matter was “inadvertently omitted” therefrom. Plaintiff testified that there was discussion, and an agreement to negotiate in such an event— but nothing more.
Since the fraud or error alleged by defendant had nothing to do with the alleged omission from the contract, it cannot serve as a basis for the admission into evidence of the foregoing parol testimony. The only other basis on which it might be admitted would be to determine the intent of the parties to an ambiguous contract. We believe that the evidence is inadmissible since we find the contract to be clear and unambiguous.
What plaintiff sold and what defendant bought was the present right to such future renewals as might occur. This is the sale of a hope under Article 2451 of the Civil Code, as opposed to the sale of a future thing or thing to come, under Articles 1887 and 2450 of the Civil Code. In the latter case, if the thing sold never comes into existence, the contract can have no effect. Had plaintiff sold the “renewals” only, the sale would be governed by Article 2450. But plaintiff sold the “right to renewals” and the failure of any or all of the accounts to renew can have no effect on the validity of the contract. See Losecco v. Gregory, 108 La. 648, 32 So. 985 (1901).
Since we are of the opinion that defendant got what he paid for, we need not consider his argument relative to failure of consideration.
Defendant claims, alternatively, that since interest is included in the note, *99 the judgment appealed from is, in effect, forcing defendant to pay interest on interest. This contention is without merit under the express provisions of Article 2924 of the Civil Code. Williams v. Alphonse Mortgage Co., 144 So.2d 600 (La.App. 4 Cir. 1962).
Plaintiff asks for judgment on the full amount prayed for. He claims that the credit of $261.11 offered in plaintiff’s letter of October 14, 1968, was a compromise offer and should not be considered by the court in rendering its judgment. However, as we understand the letter, as explained by the testimony of plaintiff’s president, these accounts were cancelled because the premiums were never paid, and, therefore, should not have been included in the gross premium income figure used in computing the purchase price.
We consider plaintiff’s prayer for damages for a frivolous appeal to be without merit, since we have been presented with a substantial question by this appeal.
We do note a small error in the amount of the judgment, in applying the amount of the credit of $261.11 to the amount sued for. The principal balance due should be $7,716.69. Interest thereon should commence from November 1, 1968, the date the first payment was missed.
The judgment appealed from is amended, by decreasing the amount thereof to $7,-716.69, together with interest thereon from November 1, 1968, until paid, plus 10% of the principal and interest due as attorney’s fees, and as amended, it is affirmed. All costs in this court and the court below are to be paid by defendant.
Amended and affirmed.