SCHOTT, Judge.
Appellee, who is the divorced wife of Wilmer Douglas Eskine, brought a rule against him to show cause why he should not account to her for one-half of the police pension fund benefits he had received since the date on which they were divorced, and against the Board of Trustees of the New Orleans Pension Fund to show cause why it should not pay to her one-half of the pension due him in the future. The trial court declared Eskine’s interest in the pension fund to be community property so that one-half belonged to appellee and he ordered that the Board issue two checks each month, paying half to Eskine and half to appellee. Both Eskine and the Board have appealed. However, Eskine has now settled his case with appellee and dismissed his appeal, so that only the Board’s appeal remains for our consideration.
The parties were married in June, 1950, and continued thereafter to live in community until the judgment of divorce in January, 1977. Eskine became a member of the New Orleans Police Department in 1956 and retired on July 1, 1976, taking his pension.
Much of the argument in the trial court and in this court was devoted to the proper classification of Eskine’s pension rights as community versus his separate property. With the settlement of the suit between these parties this issue need not be decided. The only question remaining is whether the Board can be required to divide, in effect, Eskine’s pension between him and his divorced wife.
Appellee cites no authority for her position and we have discovered no case which has ordered a pension administrator to divide retirement benefits between the member and any third party. In the absence of such authority we are satisfied that such an order cannot be imposed on the Board.
The Board is a creature of the legislature and is charged with specific responsibilities under the provisions of LSA R.S. 33:2281 to 33:2305. §§ 2293.1, 2294 and 2294.1 provide for retirement benefits to be paid to the pensioner. Conversely, they contain no authority for the Board to pay anyone other than the pensioner the benefits which may be due under these sections. § 2298 provides that no benefits “shall ever be made from the fund for any reason whatsoever, except in strict conformity with the provisions and requirements of this Sub-part.” § 2302 provides that the fund is exempt from seizure by virtue of judicial process and shall not be subject to assignment, transfer or pledge. It concludes “The fund shall be sacredly held, kept, secured, and distributed for the purposes of granting the benefits and pensioning the persons named in this Sub-part and for no other purpose.” (Emphasis ours)
We have concluded that the legislature did not intend for the Board to be ordered to split checks between the pensioner and his divorced wife. The Board’s function is to manage the fund strictly in accordance with the law and it cannot be compelled to perform services outside of the requirements of the law.
Accordingly, the judgment appealed from is reversed and there is judgment in favor of The Board of Trustees of the Police Pension Fund and against plaintiff in rule, Beverly Louise Chatelain Eskine, dismissing her rule against the Board at her cost.
REVERSED AND RENDERED.