UNITED ASSOCIATION OF JOURNEY-
MEN AND APPRENTICES OF the
PLUMBING AND PIPEFITTING IN-
DUSTRY OF the UNITED STATES
AND CANADA—LOCAL 198 AFL–CIO
PENSION PLAN, et al., Plaintiffs-Ap-
pellees,

v.

Mrs. Margaret MYERS et al.,
Defendants,

Mrs. Opal Myers, Defendant-Appellant.

No. 80–3738

Summary Calendar.

United States Court of Appeals,
Fifth Circuit.

Unit A

May 22, 1981.

Joseph A. Gladney, Baton Rouge, La., for defendant-appellant.

Dodd, Barker, Boudreaux, Lamy & Gardner, Marie Healey, New Orleans, La., for plaintiffs-appellees.

William G. Whatley, Baton Rouge, La., for defendants.

Before CHARLES CLARK, REAVLEY and WILLIAMS, Circuit Judges.

JERRE S. WILLIAMS, Circuit Judge:

Mrs. Opal Myers filed a claim under the Pension and Survivors Benefits Program of the United Association of Journeyman and Apprentices of the Plumbing and Pipefitting Industry of the United States and Canada, Local 198 AFL–CIO (Plumbers). Hers is a community property claim based upon her marriage to the decedent pensioner, Edward J. Myers. Myers died in 1976. Opal Myers' marital community with decedent was dissolved in 1954 by a legal separation, later followed by a divorce. The Plumbers are now paying the full survivorship benefits to Mrs. Margaret Myers who was married to the decedent at the time of his death.

Opal Myers' claim for the survivorship benefits is based upon "past service credits" earned by the deceased during the existence of the marital community with her. The pension plan was created in 1963. It gave employees "past service credits" for work in the industry prior to the establishment of the plan and other credits for work after the plan was in existence. Mr. Myers received fifteen years of past service credits at his retirement in 1973. Some of those years of past service credits were measured by years while the marital community of Edward Myers and Opal Myers was in existence.

The Plumbers brought suit for a declaratory judgment making the claim that the Employee Retirement Income Security Act, 29 U.S.C. § 1001 et seq. (ERISA), preempts state community property law and bars the Opal Myers claim regardless of state law. Its suit is in the nature of an interpleader action since it has no proprietary interest in who receives the survivorship benefits under the pension of the deceased. Defendants are Opal Myers and decedent's widow, Margaret Myers. Margaret Myers claims the full benefits as survivor and beneficiary.

On stipulated facts, the district court awarded judgment in favor of deceased's widow, Margaret Myers, in the full amount of joint and survivorship benefits under the pension plan applicable to her deceased husband. Judgment was issued against the Plumbers for that amount. The claims of defendant Opal Myers were dismissed. The district court held that ERISA did not preempt Louisiana community property law so that Opal Myers' claim stood or fell upon the application of Louisiana law free of possible obstacles in ERISA. Then the district court went on to hold that Opal Myers had no claim against the survivorship benefits under Louisiana community property law because no right as to those benefits arose during the existence of the community.

The parties have not appealed the district court's decision that ERISA does not preempt Louisiana community property law with respect to community property rights and, therefore, does not supersede the rights of survivors under such a pension plan.

Claimant, Opal Myers, bases her asserted entitlement to part of the proceeds from her ex-husband's pension plan upon two recent cases of the Louisiana Supreme Court in which Justice Tate established the modern Louisiana law concerning a divorced spouse's marital community right to claim pension and survivorship benefits which did not become payable until after the community was dissolved. The first of these cases is *T.L. James & Co., Inc. v. Montgomery*, 332 So.2d 834 (La.1975). In this case the profit sharing and retirement program was in effect and benefit rights were building up while the community was in existence. The court held that upon dissolution of the community by divorce the ex-wife was entitled to share in the pension benefits on the ground that the employer's contribution to the program was not a gratuity but was deferred compensation. The *James* case was followed later by *Sims v. Sims*, 358 So.2d 919 (La.1978), in which Justice Tate speaking for the Louisiana Supreme Court, made the same holding even though the contribution to the pension fund by the employer was not related to the benefits since the employer was the United States Government.[1]

The Court's reasoning in these cases was that the future pension right, which was being built up while the community was in existence, constituted "an incorporeal, movable right" and had to be so classified at the dissolution of the community even though the right was not marketable nor had cash value at that time. *T.L. James & Co., Inc. v. Montgomery*, 332 So.2d 834, 851 (La. 1975).

The significant and controlling distinction between the *T.L. James* and *Sims* cases and the principal case is found in the fact that in both of those cases the pension plans were in existence and the rights were being continually established and increased while the community was in existence. In this case, the pension plan did not even come into effect until over eight years after the community had been dissolved. On these facts, the district court found that Opal Myers was not entitled to share in the pension plan benefits because the credits were not given to Myers during the community and thus were not an asset "acquired" during the marriage. We agree.

---

1. *Hisquierdo v. Hisquierdo*, 439 U.S. 572, 99 S.Ct. 802, 59 L.Ed.2d 82 (1979), casts doubt upon *Sims v. Sims* but only on the issue of whether state community property law can be applied to a pension plan of the United States Government itself. It has no impact on the validity of the principle of the *Sims* case as it is applicable in this proceeding.

The Louisiana Supreme Court in *T.L. James* referred to the contributions of the employer "when made during the community" and then went on to say that the property right was "acquired during the community," citing La. Civil Code Art. 2402.[2] A further telling and persuasive statement of Justice Tate in that opinion is:

> When a community is dissolved, the employee's spouse is thus entitled to be recognized as the owner of one-half the value of the right-to-share, insofar as attributable to the contributions paid into the fund as deferred compensation to the employee during the existence of the community.

332 So.2d at 851.

In this quotation and elsewhere in the opinion both in *T.L. James* and in *Sims*, the Louisiana Supreme Court stressed that this interest of the spouse must be recognized "when the community is dissolved." *Sims v. Sims*, 358 So.2d at 923, and "the right-to-share is a community asset which, at the dissolution of the community, must be so classified." *T.L. James*, 332 So.2d at 851.

At the time the Edward J. Myers, Opal Myers marital community was dissolved there was no pension plan, there was no incorporeal movable right to be recognized even in the most contingent sense. There was nothing. Nothing was "acquired" during the existence of the community. It would be a distortion of the Louisiana law as exemplified in the *T.L. James* and the *Sims* cases to find a retroactive creation of a legal right in the community many years after the community had been dissolved. No cases in Louisiana law gives any indication that such an extreme principle, disturbing to so many established legal rights, should be found in the Louisiana Civil Code Art. 2402 and its successor Art. 2338 concerning property rights "acquired during the community."

Recognizing the "great deference" which this Court gives the interpretation of local law by the district judge, *Black v. Fidelity & Guar. Ins. Underwriters*, 582 F.2d 984, 987 (5th Cir. 1978), we conclude that the holding of the district court denying right of survivorship benefits to Opal Myers under Louisiana law should be affirmed, 488 F.Supp. 704.

The decision of the district court that ERISA does not preempt the Louisiana community property law is not before this Court on appeal. In any event, since the claim by Opal Myers is denied under Louisiana law, the issue of the effect of ERISA as possibly barring what otherwise might be a valid claim by Opal Myers is removed.

The decision of the district court denying Opal Myers' claim of pension survivorship benefits from Plumbers by virtue of the earlier existence of a marital community with Edward J. Myers is

AFFIRMED.

---

**2.** La. Civil Code Art. 2402 was repealed effective January 1, 1980. This legislative action has no effect on this case since the repeal comes long after the issue of acquisition of property rights in this marital community was settled. In any event, Article 2338 which replaces Article 2402 refers to "property *acquired during the existence* of the legal regime...." (emphasis added)