CHEHARDY, Judge.
This matter is before us on appeal from a judgment maintaining defendant’s exception of lis pendens.
Plaintiff filed this suit in the 24th Judicial District Court for the Parish of Jefferson against her former husband for a money judgment, an accounting of her community share of his police pension and damages for tortious conversion. She seeks these funds pursuant to judgment on a rule filed in Suit No. 77-244 of the docket of the Civil District Court for the Parish of Orleans entitled “Wilmer Douglas Eskine vs. Beverly Louise Chatelain Eskine, divorced wife of Wilmer Douglas Eskine.” The rule was to determine the status of the pension being received by the husband from the Board of Trustees of the New Orleans Police Pension Fund, and that judgment, rendered January 23, 1979, decreed the fund was community property and belonged one-half to each party.
Defendant filed an exception of lis pen-dens in the instant case contending that the Jefferson Parish suit filed by the wife was an attempt to circumvent the Orleans Parish proceeding, described by the exceptor as a suit for separation, divorce and partition, which has allegedly never been resolved insofar as the pension fund is concerned. The trial court maintained the exception and the wife has appealed. We reverse.
C.C.P. art. 531 provides that when two or more suits are pending in a Louisiana court, or courts on the same cause of action, between the same parties in the same capacities, and having the same object, the defendant may have all but the first suit dismissed. Kaplan v. University Lake Corp., 394 So.2d 782 (La.App. 4th Cir. 1981).
The suit at bar is for a money judgment, accounting and damages. The suit in Orleans Parish is for separation, divorce and partition. They lack the requisite sameness of cause of action and object of suit.
The Civil District Court suit has already determined the status of the pension fund in its judgment on the rule. The husband had appealed that judgment to the Fourth Circuit Court of Appeal, but later dismissed his appeal. The judgment of January 23, 1979 thus became final and is not at issue here.[1]
Accordingly the judgment of the trial court in the instant case is reversed and it is now ordered that the exception of lis pen-dens be overruled and the case remanded for further proceedings in accordance with law and with the views expressed herein.
REVERSED AND REMANDED.

. The Board of Trustees was also a defendant in the rule and had been ordered to issue two checks monthly, one-half to each party. The Board and the husband appealed from the trial court judgment. When the matter went to trial in the Fourth Circuit Court of Appeal the husband dismissed his appeal, and the court was called upon only to determine that portion of the judgment which required the Board to issue two monthly checks. They reversed the trial court judgment in that regard. The court concluded that since the husband dismissed his appeal, he and his wife had settled the matter and so stated in its opinion.
In an application for rehearing the wife stated the matter had not been settled and the appeal had been dismissed by her husband for reasons unknown to her. In a Per Curiam the court addressed the question, correcting their error, but concluded they were not called upon to pass on the status of the fund between the husband and wife since he had dismissed his appeal. Eskine v. Eskine, 383 So.2d 421 (La.App. 4th Cir.1980).