463 So.2d 912 (1985)
Mary Catherine Hankins WALKER, Plaintiff-Appellant,
v.
Joseph Ray WALKER, Defendant-Appellee.
No. 16757-CA.
Court of Appeal of Louisiana, Second Circuit.
January 23, 1985.
*913 McLeod, Swearingen, Verlander & Dollar by Vickie Green, Monroe, for plaintiff-appellant.
Marshall Blackwell, Monroe, for defendant-appellee.
Before HALL, MARVIN, and FRED W. JONES, Jr., JJ.
MARVIN, Judge.
In a partition action, the wife appeals a judgment characterizing as community property the benefits that accrued to her in the Louisiana School Employees' Retirement System during her marriage 1957-1983. LRS 17:881, et seq.[1]
The wife contends that LRS 17:883, exempting retirement benefits from taxation, levy and sale, garnishment, and assignability, should be construed as characterizing the benefits as separate property. Compare LRS 42:545, interpreted as the wife here contends in Roberts v. Roberts, 325 So.2d 674 (La.App. 2d Cir.1976). That statute, however, affected the Louisiana State Employees' Retirement System. Also see and compare LRS 40:1442.2 and Langlinais v. David, 289 So.2d 343 (La.App. 3d Cir.1974), (La. State Police Retirement System); 5 USC 8345-6 and Sims v. Sims, 358 So.2d 919 (La.1978), (federal retirement system)[2]; LRS 17:572; and Scott v. Scott, 179 So.2d 656 (La.App. 2d Cir.1965), (Louisiana Teachers' Retirement System).
The more recent cases, however, have limited the effect of similar exemption statutes to their stated purpose and not as designating the community or separate character of the retirement benefit. See McCoy v. McCoy, 460 So.2d 641 (La.App. 4th Cir.1984), construing the State Employee's Retirement System, and Thrash v. Thrash, 387 So.2d 21 (La.App. 3d Cir.1980), writ denied 4-3, construing the Teachers' Retirement System. The statute in the teachers' retirement system, (LRS 17:572), except for one minor phrase, is the same as LRS 17:883 in the School Employees' Retirement System statutes.
Notwithstanding the earlier holding of this court in Roberts, supra, we agree with Thrash and McCoy that exemption statutes should not determine the character of property as either community or separate. The exemption statute in Roberts cannot be distinguished from the exemption statute here even though these statutes involve different retirement systems. To the extent that Roberts conflicts with this opinion, it is hereby overruled.
The clear wording of LRS 17:883 shows that the statute's only purpose was to exempt school employees' retirement benefits from taxation, levy, and sale, garnishment, attachment, and other processes and assignments, and was not to insulate the school employee's retirement benefits from the application of the matrimonial regimes articles of the civil code. In the absence of a marriage contract, property acquired during the existence of the legal regime through the effort, skill, or industry of either spouse is community property. CC Art. 2338. There is no section of the Louisiana School Employees' Retirement System which characterizes the benefits as separate property.
At appellant's cost, judgment is affirmed.
NOTES
[1] Section 883 reads:

"The right of a person to a pension, an annuity or a retirement allowance, to the return of contributions, the pension, annuity or retirement allowance itself, any optional benefit or any other right accrued or accuring to any person under the provisions of this Part, and the moneys in the various funds created by this Part, are exempt from any state or municipal tax, and exempt from levy and sale, garnishment, attachment or any other process whatsoever, and shall be unassignable except as otherwise specifically provided in this Part."
[2] See also Schueler v. Schueler, 460 So.2d 1120 (La.App. 2d Cir.1984).