Le BLANC, Judge.
Beverly Eskine appeals a decision by the 23rd Judicial District Court dissolving a writ of fieri facias issued on her behalf against the Board of Trustees of the New Orleans Police Pension Fund and Wilmer Douglas Eskine. The issue is can a writ of fieri facias be issued to the Municipal Employees Retirement System in order to satisfy a money judgment rendered in favor of Beverly Eskine. We affirm.
FACTS
On January 12, 1979, Beverly Louise Chatelain Eskine obtained a judgment from the Civil District Court for the Parish of Orleans, decreeing that the funds held by the New Orleans Police Pension Fund were community property. The January 12th judgment further ordered the Board of Trustees of the New Orleans Police Pension Fund to issue two checks each month, paying one-half of the monthly retirement benefit to Beverly Eskine and one-half to Wilmer Douglas Eskine.
From that judgment, both Wilmer Eskine and the Board of Trustees appealed to the Fourth Circuit Court of Appeals. In Es-kine v. Eskine, 383 So.2d 421 (La.App. 4th Cir.1980), the Court of Appeal stated that Wilmer Eskine dismissed his appeal; therefore, the trial court’s classification of the pension rights as community property was not at issue. The sole issue before the court was whether the provisions of La. R.S. 33:2281 et seq. required the Board of Trustees to issue two checks each month as directed by the trial court. The Court of Appeal reversed the ruling of the trial court by finding the legislature did not intend by enacting La.R.S. 33:2281 et seq. that checks be split between the petitioner and his divorced spouse.
On December 20, 1984, Beverly Eskine obtained a judgment in the 24th Judicial District Court for the Parish of Jefferson against Wilmer Douglas Eskine, in the amount of $24,608.02, together with legal interest from the date of judicial demand which represented the unpaid amount of *1251 one-half of the New Orleans Police Department Pension Fund received by Wilmer Douglas Eskine through July 1,1984. This judgment was not appealed by either party.
On May 15, 1985, Beverly Eskine filed suit against Wilmer Douglas Eskine in the 23rd Judicial District Court for the Parish of Ascension to make the judgment of the 24th Judicial District Court executory. In connection with the petition, Beverly Es-kine obtained a writ of fieri facias ordering the sheriff of Ascension Parish to seize the property of Wilmer Douglas Eskine sufficient to satisfy the $24,608.12 judgment. A writ of fieri facias was also directed to the Municipal Police Employees Retirement System. As a result of the writ of fieri facias, the retirement system deposited with the Clerk of Court for the Parish of Ascension the July 1985 benefit check amounting to $883.98.
On August 2, 1985, Wilmer Douglas Es-kine filed a motion to dissolve the writ of fieri facias on the grounds that the provisions of La.R.S. 33:2302 et seq. provide that the Municipal Police Employees Retirement Fund is exempt from seizure by virtue of any judicial process.
On October 21, 1985, judgment was rendered by the 23rd Judicial District Court in favor of Wilmer Douglas Eskine against Beverly Eskine dissolving the writ of fieri facias, and ordering the funds on deposit with the Clerk of Court for the Parish of Ascension to be released to Wilmer Douglas Eskine.
From that judgment, the plaintiff, Beverly Chatelain Eskine, appeals.
ASSIGNMENT OF ERROR:
The appellant contends that “the trial court erred in slavishly adhering to the literal language of L.R.S. 33:2302 and L.R.S. 33:2381, instead of recognizing these statutes as being nothing more than the standard, boilerplate ‘exemption provisions’ ”.
FINDING:
This assignment of error is without merit. La.R.S. 33:2302 is abundantly clear in providing that:
“Any portion of the (Police Pension Fund for New Orleans) fund shall, either before or after its order of distribution by the board to a beneficiary under this Subpart, be exempt from seizure by virtue of any judicial process, and shall be exempt from any state or municipal tax. The same shall not be subject to assignment, transfer or pledge. The fund shall be sacredly held, kept, secured, and distributed for the purposes of granting the benefits and pensioning the persons named in this Subpart and for no other purpose”. (Parenthesis added)
In addition, La.R.S. 33:2371 creates a Municipal Police Employees’ Retirement System managed by the board of trustees for the purpose of providing retirement allowances and other benefits for municipal policemen in the state of Louisiana. According to La.R.S. 33:2381:
“The right of a person to a pension, an annuity or a retirement allowance ... under the provisions of this Subpart and the moneys in the various funds created by this Subpart, are hereby exempt from ... levy and sale, garnishment, attachment, or any other process whatsoever, except as provided in R.S. 42:720.21, and shall be unassignable except as in this Subpart specifically otherwise provided.” (emphasis added)
In the written reasons for judgment, the 23rd Judicial District Court found that the Louisiana Revised Statutes in 33:2302 and 33:2381 specifically and unequivocally exempt the funds on deposit with the Municipal Police Employees Retirement System from the type of seizure such as the writ of fieri facias issued on behalf of Beverly Eskine. We agree.
The cases cited by appellant are inappo-site to the issue before this court. It is not disputed that the pension funds owed to Wilmer Douglas Eskine are community property. We agree that under the express provisions of La.R.S. 33:2302 and 33:2381, the writ of fieri facias was improper and should have been dissolved.
AFFIRMED.
EDWARDS, J., dissents and assigns reasons.