518 So.2d 505 (1988)
Beverly Louise Chatelain ESKINE
v.
Wilmer Douglas ESKINE.
No. 87-C-1518.
Supreme Court of Louisiana.
January 18, 1988.
Jerome P. Halford, New Orleans, for applicant.
*506 Michael Matthews, Gonzales, William Reeves, Jr., Baton Rouge, for respondent.

ON WRIT OF REVIEW TO THE COURT OF APPEAL, FIRST CIRCUIT, STATE OF LOUISIANA
WATSON, Justice.
Beverly Eskine filed suit against her former husband, Wilmer Eskine, and was recognized as owning a one-half interest in his New Orleans police pension fund. The trial court ordered the trustees of the fund to send separate checks for one-half of the benefits each month. The court of appeal reversed the separate check order[1] holding that the trustees could not legally be required to send separate checks.[2] Subsequently, Beverly received a money judgment for $24,608.02, one-half of the sum which had been paid to Wilmer by the retirement system from January, 1977, the date of the parties' divorce, through July, 1984.[3] Although he had voluntarily submitted to the court's jurisdiction, did not appeal and continued to receive regular monthly payments from the pension fund, Wilmer did not pay the judgment.
Attempting to collect on her judgment, Beverly had a writ of fieri facias issued to seize the Municipal Police Employees' Retirement System's funds on deposit in Ascension Parish. Wilmer filed a rule to dissolve the writ of fieri facias and sought damages for unlawful seizure.
The trial court held that LSA-R.S. 33:2302[4] and LSA-R.S. 33:2381[5] exempt the retirement system's funds from seizure. The trial court dissolved the writ of fieri facias; released a check being held in court registry;[6] and awarded $500 in attorney's fees to Wilmer under LSA-C.C.P. art. 2298.[7]
*507 The Court of Appeal, First Circuit,[8] affirmed the trial court, agreeing that the provisions of LSA-R.S. 33:2302 and 2381 exempt retirement system funds from seizure.[9] A writ was granted to review the judgment.[10]
Beverly contends that the seizure was proper because she is co-owner of the funds and her share is being wrongfully held by the retirement system.
Beverly has a one-half interest in a property right that vested in Wilmer as a result of his employment during the community of acquets and gains. LSA-C.C. art. 2338. Because the retirement benefits being paid to pensioner Wilmer unquestionably belong to the community, Beverly has an incorporeal right to share in those benefits. See Sims v. Sims, 358 So.2d 919 (La.1978).
T.L. James & Co., Inc. v. Montgomery, 332 So.2d 834 (La.1975), reh. granted 332 So.2d 849 (La.1976) held that an employee's spouse acquires an incorporeal, movable right to share in any retirement benefits earned during the marriage, stating:
"When a community is dissolved, the employee's spouse is thus entitled to be recognized as the owner of one-half the value of the right-to-share, insofar as attributable to the contributions paid into the fund ... during the existence of the community...." T.L. James, supra, at 851.
The community of acquets and gains that existed between Wilmer and Beverly Eskine was dissolved upon their divorce. LSA-C.C. art. 2356. Beverly was then entitled to seek partition of all community assets. LSA-R.S. 9:2801. She obtained a judicial decree that the pension fund was community property, and she owned one-half. This ruling remains unquestioned.
LSA-C.C. art. 1308 provides that:
"The action of partition will not only lie between co-heirs and co-legatees, but between all persons who hold property in common, from whatever cause they may hold in common."
Beverly cannot be compelled to hold property in common with her former husband after she has sought and been awarded a judicial partition-in-kind. Sims, supra, addressing the issues involving a former wife's interest in her husband's federal pension fund, held that: "The recognition of the respective interests of the spouses in this non-merchantable asset acquired during the community is analogous to a partition or division in kind."[11] The Code provides that:
"No one can be compelled to hold property with another, unless the contrary has been agreed upon; any one has a right to demand the division of a thing held in common, by the action of partition." LSA-C.C. art. 1289.
Planiol explained holding property in indivision and the "action" of distribution or partition. When a thing is held in indivision, it is the right of ownership which is divided, not the thing itself. The thing itself, the retirement fund here, is held in indivision. Planiol, Civil Law Treatise, Vol. 1, part 2, Sect. 2497. This state of indivision is terminated by partition which attributes to each owner a divided share in the thing itself. "The partition thus localizes the right of ownership." Planiol, Civil Law Treatise, Vol. 1, Part 2, Section 2498.[12] After its division into physically distinct shares, the property is allotted proportionally among the entitled persons.
*508 T.L. James recognized that, once benefits "do become payable ... to the employee..., the spouse is entitled ... to receive payment as owner of her share of the proceeds...." T.L. James, supra, at 851-852. Sims held that:
"When the community is dissolved, the non-employed spouse is entitled to have recognized his or her one-half interest in this community asset, i.e., the right to receive payments from employee benefit plans, to the extent (proportion) that these payments result from employment or contribution during the community." Sims, supra, 358 So.2d 919 at 923.
Under LSA-C.C. arts. 1289 and 1308, Beverly had the right to seek a partition of property she owned with her former husband. Wilmer Eskine's retirement benefits have been judicially determined to be a community asset. As co-owner of these funds, Beverly Eskine sought and obtained a judicial partition-in-kind.[13] The only means of "localizing her right to ownership",[14] by actually "allotting the property itself"[15] to Beverly and Wilmer Eskine is through the issuance of two monthly benefit checks, one to Beverly and one to Wilmer. Since monthly checks continue to be issued solely to Wilmer, Beverly has been deprived of the ownership interest she received by partition. She is co-owner of the pension fund and entitled to a judgment ordering the retirement system to issue her a monthly check representing one-half the value of the benefits. The decision in Eskine v. Eskine, 383 So.2d 421 (La.App. 4 Cir.1980) is expressly overruled.
Ms. Eskine's attempt to seize property held by the retirement system in order to satisfy her money judgment is prohibited by statute. LSA-R.S. 33:2302 makes any portion of the fund, before or after its order of distribution to the beneficiary, "exempt from seizure..." LSA-R.S. 33:2381 also provides that these funds are exempt from "levy and sale, garnishment, attachment, or any other process whatsoever...."[16] There is no unconstitutional infirmity in these provisions which are common in many states.[17]
However, the prohibition against seizure applies only to third parties and not to co-owners. The retirement system had in its possession the sum of $883.98, half of which belonged to Beverly, and she has been frustrated at every turn in attempting to obtain her property. It has been suggested that she could collect it from Wilmer in Arkansas, where he now resides, but she has been unable to do so, and Wilmer could easily be in some more remote part of the world where collection would be not just difficult, but impossible.
One cannot wrongfully seize a sum of money half of which he or she co-owns and which the holder refuses to divide. The writ of fieri facias was not wrongfully issued and defendant-in-rule, Beverly Eskine, was improperly taxed with attorney's fees and costs for dissolution.
Beverly Eskine has a property right in the retirement benefits being issued solely to her former husband. She has been deprived of her property. The Municipal Police Employees' Retirement System is hereby ordered to pay one-half of any benefits due Wilmer Eskine directly to his former wife, Beverly Eskine.[18] Two checks are to be issued each month, one to each of the co-owners of the benefits. LSA-C.C.P. art. *509 2164.[19]
REVERSED AND RENDERED.
LEMMON, J., concurs and assigns reasons.
LEMMON, Justice, concurring.
When the wife obtained a writ of fieri facias ordering the seizure of the husband's funds in the possession of the Municipal Police Employees Retirement System, the Retirement System deposited the July 1985 benefit check into the registry of court.[1] The husband then moved to dissolve the writ, obviously for the purpose of releasing the check. Thus, the dispute over dissolution of the writ is between the former spouses, and the Retirement System is not technically a party to the proceeding to dissolve the writ.
Nevertheless, the majority correctly holds that the wife, as a co-owner of the benefits payable by the Retirement System (and not as a creditor of the husband), may demand her share of the benefits as they become due from the Retirement System, but may not satisfy the money judgment against her husband from his share of the benefits. The majority's resort to La.C. C.P. art. 2164 to order the Retirement System to issue separate monthly benefit checks serves everyone's interest.[2] The order also presumably represents the action this court would have taken earlier if the wife had applied for certiorari following the intermediate court's 1980 judgment holding that the Retirement System could not be required to issue separate monthly checks.[3]
NOTES
[1] Eskine v. Eskine, 383 So.2d 421 (La.App. 4 Cir.1980).
[2] There was no application for writ of certiorari.
[3] Wilmer, a retired New Orleans police officer, began receiving his retirement benefits on July 1, 1976.
[4] LSA-R.S. 33:2302 provides:

"Any portion of the fund shall, either before or after its order of distribution by the board to a beneficiary under this Subpart, be exempt from seizure by virtue of any judicial process, and shall be exempt from any state or municipal tax. The same shall not be subject to assignment, transfer or pledge. The fund shall be sacredly held, kept, secured, and distributed for the purposes of granting the benefits and pensioning the persons named in this Subpart and for no other purpose.
[5] LSA-R.S. 33:2381, as corrected but not substantially changed by Acts 1986, Number 767, § 5, provides:

"The right of a person to a pension, an annuity, or a retirement allowance, to the return of contributions, the pension, annuity, or retirement allowance itself, any optional benefit or any other right accrued or accruing to any person under the provisions of this Subpart and the moneys (sic) in the various funds created by this Subpart are hereby exempt from any state or municipal tax and exempt from levy and sale, garnishment, attachment, or any other process whatsoever, except as provided in R.S. 42:720.21, and shall be unassignable except as in this Subpart specifically otherwise provided.
[6] The Retirement System had deposited Wilmer's July benefit check in the amount of $883.98 with the Clerk of Court.
[7] LSA-C.C.P. art. 2298 provides:

"Injunctive relief prohibiting the sheriff from proceeding with the sale of property seized under a writ of fieri facias shall be granted to the judgment debtor or to a third person claiming ownership of the seized property:
"(1) When the sheriff is proceeding with the execution contrary to law;
"(2) When subsequent to the judgment payment has been made, or compensation has taken place against the judgment, or it has been otherwise extinguished. If the payment, compensation, or extinguishment is for a part of the judgment, the injunction shall be granted to that extent, and the execution shall continue for the amount of the excess;
"(3) When the judgment is for the payment of the purchase price of property sold to the judgment debtor and a suit for recovery of the property has been filed by an adverse claimant; or
"(4) When the judgment sought to be executed is absolutely null.
"In the event injunctive relief is granted to the judgment debtor or third party claiming ownership of the seized property, if the court finds the seizure to be wrongful, it may allow damages. Attorney's fees for the services rendered in connection with the injunction may be included as an element of the damages."
[8] Judge Wallace A. Edwards dissented.
[9] 506 So.2d 1250 (La.App. 1 Cir.1987).
[10] 512 So.2d 447 (La.1987).
[11] Sims, supra, 358 So.2d 919 at 923.
[12] "The co-owner obtains things that are less than the total thing but which offer the advantage of being clear cut ownerships, where the right of each is no longer limited by the coexistence of competitive rights. Petition (sic) is therefore a juridical act whose inherent function consists in terminating indivision by separating the thing into shares or lots." Planiol, Civil Law Treatise, Vol. 1, Part 2, Sect. 2498 at p. 474.
[13] See Planiol, Civil Law Treatise, Vol. 3, Part 2, Section 2322, pp. 130-131.
[14] Planiol, Civil Law Treatise, Vol. 1, Part 2, Sect. 2498.
[15] Planiol, Civil Law Treatise, Vol. 3, Part 2, Sect. 2316.
[16] See Footnote 5, infra, for complete text of this statute.
[17] Buzzard v. Buzzard, 412 So.2d 388 (Fla.Dist. Ct.App.1982); Fla.Stat.Ann. § 121.131 (1982); Birchfield v. Birchfield, 165 Ga.App. 101, 299 S.E.2d 409 (1983); Ga.Code Ann, § 18-4-22 (1982); Udall v. Udall, 613 P.2d 742 (Okla.1980); Okla.Stat.Ann. tit. 74 § 923 (1987); Bresnan v. Bresnan, 42 Or.App. 739, 601 P.2d 851 (1979); Or.Rev.Stat. 237.201 (1979) and Or.Rev.Stat. 23.170 (1979).
[18] As to her money judgment, Beverly Eskine's remedy lies solely against her former husband, now a resident of Arkansas.
[19] LSA-C.C.P. art. 2164 provides in pertinent part that: "[T]he appellate court shall render any judgment which is just, legal, and proper upon the record on appeal."
[1] Funds of the debtor in the possession of a third party are properly seized by a garnishment under a writ of fieri facias. La.C.C.P. art. 2411.
[2] Under this order, the wife will not have to demand her share of the benefits each month from the Retirement System, and the System will not be faced with a garnishment every month.
[3] The 1980 judgment declining to require the Retirement System to issue separate benefit checks each month is not the type of judgment which truly acquires the authority of the thing adjudged. Such a judgment is subject to modification, since no property right of the Retirement System was adjudicated and since new benefits accrue each month.