BOWES, Judge.
Appellant Board of Trustees of the Police Pension Fund of the City of New Orleans (hereinafter “Board”) appeals a judgment of the trial court declaring the plaintiff Veronica Schneckenburger Quirk a beneficiary of the pension fund administered by the Board on behalf of the defendant Anthony Quirk.
Mr. and Mrs. Quirk were married in 1964; they separated in 1978 and eventually were divorced in 1979. Mrs. Quirk filed a petition for partition of the community property in 1986, alleging therein that she was entitled to an interest in Mr. Quirk’s police pension from which he was then receiving retirement benefits. Mrs. Quirk requested that the court award her her interest in proceeds already paid to Mr. Quirk, to declare her interest in the Fund, and to order the Board to pay to her a percentage of the regular monthly benefit to be determined by the court. The Board was not cited as a party, nor served with a copy of the petition. On November 18, 1986, the court issued the following judgment based on the joint stipulation and consent of the parties:
IT IS HEREBY ORDERED, ADJUDGED AND DECREED that VERONICA SCHNECKENBURGER QUIRK be and is hereby adjudicated a beneficiary of the pension fund administered by the Board of Trustees of the Police Pension Fund of the City of New Orleans on behalf of ANTHONY J. QUIRK.
IT IS FURTHER ORDERED, ADJUDGED AND DECREED that VERONICA SCHNECKENBURGER QUIRK shall receive the sum of $100.00 per month by virtue of her being adjudicated a beneficiary of said Pension Fund and shall receive the said $100.00 per month throughout her natural life.
The Board appealed this judgment in December, 1986. On September 2, 1987, a “Qualified Domestic Relations Order” with the following terms was issued by the Court:
IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the proper rights of Veronica Schneckenbur-ger Quirk in the employee annuity benefit plan of Anthony J. Quirk with the Board of Trustees of this Police Pension Fund of the City of New Orleans are hereby recognized, and that Ms. Quirk shall retain her fractional interest in the said employee benefit rights which shall be governed by the following:
1. The participant is Anthony J. Quirk of 2829 Glendale, Metairie, LA.; and the alternate payee is Veronica Schneckenburger Quirk whose address is 9433 Mark Lane, River Ridge, LA., 70123.
2. Parties agree that Veronica Schneckenburger Quirk shall receive the sum of $100.00 per month to be paid by the Board of Trustees Pension Fund of New Orleans to the alternate payee during her natural life.
3. The foregoing amount shall affect any and all payments received by the participate [sic] in the future without expiration.
The record reveals that the judgment of November 18, 1986 is the only judgment properly before this court on appeal inasmuch as the motion for appeal was taken only on that judgment; no motion for appeal of the September 2, 1987 judgment is in the record. That November judgment declares that Mrs. Quirk is a beneficiary of the pension fund, which appellant claims is erroneous for two reasons: the Board contends that the trial court had no jurisdic *281 tion over it since it was never cited nor served, and had never been a party to the present lawsuit; and, alternatively, the court was without statutory authority or jurisprudential precedence to order the Board to split the benefits between the pensioner and his ex-wife.
Appellant cites Eskine v. Eskine, 383 So.2d 421 (La.App. 4 Cir.1980) for the latter assignment of error. There the Fourth Circuit held in a virtually identical situation that the police pension fund cannot be compelled to perform services outside the requirements of the law, that is, there was no authority for the Board to pay anyone other than the pensioner, citing Louisiana Revised Statute 33:2302:
Sec. 2302. Fund not subject to claim against beneficiary
Any portion of the fund shall, either before or after its order of distribution by the board to a beneficiary under this Subpart, be exempt from seizure by virtue of any judicial process, and shall be exempt from any state or municipal tax. The same shall not be subject to assignment, transfer or pledge. The fund shall be sacredly held, kept, secured, and distributed for the purposes of granting the benefits and pensioning the persons named in this Subpart and for no other purpose.
However, the Louisiana Supreme Court has now considered the very same case; see Eskine v. Eskine, 518 So.2d 505 (La.1988). In its decision handed down on January 18, 1988, the Fourth Circuit opinion delivered in Eskine v. Eskine, supra, was expressly overruled. The Supreme Court considered the manner in which Mrs. Es-kine could receive her ownership interest in Mr. Eskine’s police fund (which is subject to the same statutory limitations as in the present case) and made the following pronouncement:
Under LSA-C.C. arts. 1289 and 1308, Beverly had the right to seek a partition of property she owned with her former husband. Wilmer Eskine’s retirement benefits have been judicially determined to be a community asset. As co-owner of these funds, Beverly Eskine sought and obtained a judicial partition-in-kind. The only means of “localizing her right to ownership”, by actually “allotting the property itself” to Beverly and Wilmer Eskine is through the issuance of two monthly benefit checks, one to Beverly and one to Wilmer. Since monthly checks continue to be issued solely to Wilmer, Beverly has been deprived of the ownership interest she received by partition. She is co-owner of the pension fund and entitled to a judgment ordering the retirement system to issue her a monthly check representing one-half the value of the benefits. The decision in Eskine v. Eskine, 383 So.2d 421 (La.App. 4 Cir.1980) is expressly overruled.
[[Image here]]
Beverly Eskine has a property right in the retirement benefits being issued solely to her former husband. She has been deprived of her property. The Municipal Police Employees’ Retirement System is hereby ordered to pay one-half of any benefits due Wilmer Eskine directly to his former wife, Beverly Eskine. Two checks are to be issued each month, one to each of the co-owners of the benefits. LSA-C.C.P. art. 2164.
Accordingly, the trial court’s adjudication of Mrs. Quirk as a beneficiary of the pension fund and their order of payment to her from the pension fund of her interest in the community property would now be correct under the Supreme Court decision in Eskine, supra.
However, the judgment on appeal does not order appellant to take any action whatsoever. It merely declares that Mrs. Quirk is to receive the sum of $100.00 per month by virtue of being adjudicated a beneficiary of the fund. Since, under the Supreme Court’s ruling in Eskine, supra, it was proper for the trial judge to render such a decree, we find no basis for appellant’s argument on appeal that the trial court had no jurisdiction over the Board. Besides, this judgment does not purport to exercise jurisdiction over the Board. It merely adjudicates rights in the pension fund. This assignment of error is without merit.
*282 For the foregoing reasons, the judgment on appeal is affirmed.
AFFIRMED.