NORRIS, Judge.
Theresa Margaret Lime Byrd and James Harold Byrd were married December 28, 1962. They were divorced April 29, 1983. *632 Theresa Byrd instituted an action for partition of the community property. The parties entered into a community property settlement November 29, 1983, reserving the issue of James Byrd’s Employees Pension and Retirement Fund with the City of Shreveport. At trial the parties submitted the case with the joint stipulation that James Byrd had participated in the plan for 27 years, the parties were married for 18 years under the plan, the benefits under the plan totalled $1,468.00 per month, and that if the fund were declared to be community property, Theresa Byrd would be entitled to receive $488.84 per month.
The sole issue below and before us on appeal is whether James Byrd’s interest in the Police Pension and Relief Fund of the City of Shreveport is community or separate property. The trial judge found that it was community property and James Byrd appeals the judgment. We affirm.
The general rule in Louisiana is that a spouse’s share in a retirement plan is a community asset. Sims v. Sims, 358 So.2d 919 (La.1978); T.L. James Co., Inc. v. Montgomery, 332 So.2d 834 (La.1976). Appellant argues that LSA-R.S. 33:2381[1] and R.S. 42:720.21[2] should be construed to classify the pension fund established by R.S. 33:2351 et seq. as separate property. This argument has previously been rejected by this court in Walker v. Walker, 463 So.2d 912 (La.App. 2d Cir.1985), overruling Roberts v. Roberts, 325 So.2d 674 (La.App. 2d Cir.1976). When considering the Louisiana School Employees’ Retirement System, which included a statute virtually identical to R.S. 33:2381, the court held that:
... the statute's only purpose was to exempt school employees' retirement benefits from taxation, levy, and sale, garnishment, attachment, and other processes and assignments, and was not to insulate the school employee’s retirement benefits from the application of the matrimonial regimes articles of the civil code.
Walker v. Walker, supra.
As we found in Walker, supra, the statutes upon which appellant here relies do not classify the pension fund as separate property. R.S. 42:720.21 provides an exception to the provision in R.S. 33:2381 prohibiting garnishment or assignment of the pension fund, but does not affect the status of the fund. Further, the Louisiana Supreme Court has held that the prohibition against seizure found in R.S. 33:2381 applies only to third parties, not to a former spouse who has been recognized as a co-owner of the retirement fund. Eskine v. Eskine, 518 So.2d 505 (La.1988).
There was no error in the trial court’s decision, and the judgment is affirmed. Costs of this appeal are assessed to the appellant.
AFFIRMED.

. § 2381. Exemptions from execution
The right of a person to a pension, an annuity, or a retirement allowance, to the return of contributions, the pension, annuity, or retirement allowance itself, any optional benefit or any other right accrued or accruing to any person under the provisions of this Subpart and the moneys in the various funds created by this Subpart are hereby exempt from any state or municipal tax and exempt from levy and sale, garnishment, attachment, or any other process whatsoever, except as provided in R.S. 42:720.21, and shall be unassignable except as in this Subpart specifically otherwise provided.

. § 720.21. Retirement benefits subject to seizure for child support
Notwithstanding any other provision of law to the contrary, any retirement allowance or benefit paid to any retiree under the provisions of any public retirement system shall be subject to garnishment or court-ordered assignment to pay child support.